Ex. A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 96-81 L |
| | : | |
| RICHARD E. PAIVA, JR. | : | |

**MEMORANDUM AND ORDER**
**RE ORAL MOTION TO RECUSE**

Before the court is the oral motion of Defendant Richard E. Paiva, Jr. ("Defendant"), for this Magistrate Judge to recuse himself pursuant to 28 U.S.C. § 455(a). A hearing was conducted on September 12, 2005. For the reasons stated herein, the motion is denied.

**Travel**

On August 16, 2005, Defendant appeared before this Magistrate Judge on a warrant. The warrant had been requested by the U.S. Probation Office on August 12, 2005, because Defendant allegedly had violated the conditions of his supervised release. See Petition for Warrant for Offender Under Supervision (Document ("Doc.") #23) (the "Petition"). Specifically, Defendant was alleged to have violated the standard condition that he not commit another crime and the special condition that he not have contact with Jennifer Dore except through the U.S. Probation Office. See id. at 1-2. The Petition containing these violations alleged that Defendant had telephoned Jennifer Dore on August 12, 2005, and threatened to kill her. See id. at 2. In addition to these allegations, the Government stated at the hearing that Defendant had allegedly assaulted a Deputy U.S. Marshal in the course of being arrested on the warrant and that the assault could constitute an additional violation of Defendant's supervised release. See Tape of 8/16/05 Hearing.

Defendant requested a violation hearing, and it was

scheduled for August 23, 2005. In setting this date, the court noted the possibility that an additional ground for violation might be added to the Petition. The court indicated that if this occurred it would be inclined to grant a request for a continuance from defense counsel. Defendant was ordered detained pending the violation hearing.

On August 18, 2005, an amended petition was filed by the Probation Department, adding as a ground for violation that Defendant had assaulted a federal law enforcement officer on August 16, 2005. See Petition for Amended Warrant for Offender Under Supervision (Doc. #28) ("Amended Petition"). Following the filing of the Amended Petition, Defendant's counsel, Attorney George West, requested additional time to prepare for the violation hearing. In response to this request, the court rescheduled the hearing to September 1, 2005.

On August 25, 2005, the court conducted a chambers conference with counsel for Defendant and the Government. The court advised counsel that the filing of the Amended Petition had caused the court to reflect upon the fact that the added ground for violation might require the court to make a credibility determination regarding one or more of the deputy U.S. Marshals who were involved in Defendant's arrest and who also have responsibility for providing security to the court. Observing that this circumstance might cause defense counsel to file a motion for recusal, the court posed four questions to counsel and directed that they be prepared to answer during a telephone conference which the court would conduct on August 29, 2005. First, was the Government willing to limit the grounds for the violation to those contained in the original Petition and not use the additional ground involving the assault on the marshal which was contained in the Amended Petition? Second, if the Government was not willing to limit the grounds for the violation, did

Defendant intend to move to recuse this Magistrate Judge? Third, assuming Defendant was willing to waive his right to a prompt violation hearing, was the Government willing to defer the violation hearing until after any charge arising out of Defendant's arrest by the U.S. Marshals on August 16, 2005, had been adjudicated? Fourth, was there any case law bearing on the recusal of a judge in circumstances like those presented by the instant matter?

During a telephone conference with counsel on August 29, 2005, the Government advised that it was not prepared to limit the grounds for violation to those stated in the original Petition. With regard to the possibility of delaying the violation hearing until any charge arising out of Defendant's arrest had been adjudicated, the Government opined that such course of action was problematic because no complaint had yet been filed against Defendant in connection with the alleged assault and that the violation hearing could only be deferred with Defendant's consent. Regarding the latter requirement, the Government expressed concern that even if Defendant consented to the delay now, he might complain about it later. In sum, the Government indicated that it was not inclined to defer the violation hearing. The Government also noted that it had submitted to the court a copy of United States v. Faul, 748 F.2d 1204 (8th Cir. 1984), which addressed the recusal issue in a case where the defendants were accused of murdering two deputy United States Marshals. See Letter from Dambruch to Martin, M.J., of 8/29/05.

Defense counsel advised the court that he intended to move to recuse this Magistrate Judge from conducting the violation hearing. The court responded that defense counsel should file a written motion for recusal and indicated that defense counsel could request a continuance at the September 1, 2005, hearing for

the purpose of filing such a motion and supporting memorandum.

On September 1, 2005, the court placed on the record what had transpired at the August 25th chambers conference and the August 29th telephone conference with counsel. Counsel for the Government and Defendant indicated that they had no disagreement with the court's recitation of those proceedings. The court confirmed that defense counsel intended to file a motion for recusal and that he was requesting a continuance for that purpose. Defendant was given until September 6, 2005, to file his motion and memorandum. The Government was given until September 9, 2005, to file its response. A hearing on the motion to recuse was scheduled for September 12, 2005.

Before the September 1st hearing concluded, the Government requested that Defendant state his assent to the continuance of the violation hearing. Ruling that the Government's request was reasonable, the court announced that Defendant would be required to state whether he agreed to the continuance. After allowing Defendant the opportunity to confer with his counsel, the court addressed Defendant directly regarding this issue. Defendant responded that he was in agreement with the request for a continuance and indicated that he wanted the issue of recusal addressed.

On September 6, 2005, Defendant filed a Motion to Recuse (Doc. #44) which seeks to have this Magistrate Judge "recuse himself from further proceedings in this matter, as well as all magistrate judges and district judges who presently sit in the District of Rhode Island." Motion to Recuse. The Government filed its response to the Motion to Recuse on September 9, 2005. See Government's Response to Defendant's Motion to Recuse (Doc. #46).

At the September 12, 2005, hearing, the court announced that the Motion to Recuse had not yet been referred to this Magistrate

Judge. Noting that the Motion to Recuse seeks not only the recusal of this Magistrate Judge but also the recusal of all the judges sitting in this District, the court noted that the latter relief exceeded this Magistrate Judge's authority. In order that the scheduled hearing could proceed, the court suggested that defense counsel make an oral motion to recuse this Magistrate Judge. Defense counsel did so, and the court then heard argument on that oral motion. Following the hearing, the court took the oral motion under advisement and indicated that it would issue a written decision.

**Law**

Title 28, Section 455(a) of the United States Code:

> requires "[a]ny justice, judge or magistrate of the United States [to] disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This statute seeks to balance two competing policy considerations: first, that "courts must not only be, but seem to be, free of bias or prejudice," In re United States, 158 F.3d 26, 30 (1st Cir. 1998) (quoting In re United States, 666 F.2d 690, 694 (1st Cir. 1981)); and second, the fear that recusal on demand would provide litigants with a veto against unwanted judges, id.

In re: Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001)(alterations in original).

The United States Court of Appeals for the First Circuit has "considered disqualification appropriate only when the charge is supported by a factual basis, and when the facts asserted 'provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality.'" Id. (quoting In re United States, 666 F.2d 690, 995 (1st Cir. 1981))(footnote omitted); accord In re United States, 158 F.3d 26, 30 (1st Cir. 1998)("The statute [§ 455(a)] requires a judge to step down only if the charge against her is supported by a factual foundation and the facts provide what an

objective, knowledgeable member of the public would find to be a *reasonable basis* for doubting the judge's impartiality.") (internal quotation marks omitted). Thus, the question to be decided is "whether a reasonable person, fully informed of all the facts, would doubt [this Magistrate Judge]'s impartiality." In re United States, 158 F.3d at 31. The standard to be applied is objective and not subjective. See id.

Although district court judges are allowed "a range of discretion," In re: Boston's Children First, 244 F.3d at 167 (quoting In re United States, 666 F.2d at 695), in the decision not to recuse, the First Circuit has counseled "that the district court should exercise that discretion with the understanding that, 'if the question of whether § 455(a) requires disqualification is a close one, the balance tips in favor of recusal,'" id. (quoting Nichols v. Alley, 71 F.3d 347, 352 (10th Cir. 1995)).

**Discussion**

The factual basis for the instant oral motion can be stated briefly. On August 16, 2005, Defendant was arrested by members of the U.S. Marshals Service ("USMS") pursuant to a warrant issued by this court. Four deputy U.S. Marshals, identified as Charette, McDonald, Wattik, and Mueske, all of whom are assigned to the Providence, Rhode Island, office of the USMS, participated in or had some connection with Defendant's arrest.[1] Together they comprise one half of the current complement of marshals assigned to the Providence office. See Defendant's Memorandum of Law, Attachment ("Att.") 1 (Affidavit of Hope M. Lagner ("Lagner Aff.")) ¶ 4. In the process of being arrested, Defendant

---

[1] "The government has produced to the defense three accounts of the event produced by United States Marshals Charette, McDonald and Wattick." Defendant's Memorandum of Law ("Defendant's Mem.") at 3. No report was apparently prepared by Deputy U.S. Marshal Mueske. See id.

allegedly assaulted Deputy Marshal Charette. See Amended Petiton at 2. The alleged assault has been added to the grounds for violating Defendant on his supervised release. See id. The matter of determining whether Defendant has violated supervised release has been referred to this Magistrate Judge for a Report and Recommendation.

Defendant contends that the four marshals "will be called upon to give testimony in the instant action as either government or defense witnesses," Defendant's Mem. at 3-4, that "the physical condition of the defendant following his arrest by the marshal[]s starkly call[s] into question[] the facts surrounding the arrest and the alleged assault," id. at 3, and that "this court will be called upon to make [credibility] determinations upon the testimony of the said marshals," id. Additionally, Defendant notes that the Providence, Rhode Island, office of the USMS is responsible for providing personal security to the judicial officers of this District and their families. See id. at 4. Thus, according to Defendant, this Magistrate Judge "will be called upon to make credibility assessments upon individuals he may or quite possibly already has relied upon for his own personal security." Id.

Defendant also notes that threats to the judiciary are real and refers to the murders this year of a state trial judge in Atlanta and of the husband and mother of U.S. District Judge Joan H. Lefkow in Chicago. See id. at 8. Defendant posits that "[i]t is difficult to imagine a more uncomfortable scenario for a United States Magistrate Judge than to be placed in a position of attempting to assess the veracity and conduct of men and women assigned to provide that very judge with personal protection." Id.

The only case which the parties have brought to the court's attention which comes close to addressing the question presented

by Defendant's oral motion is United States v. Faul, 748 F.2d 1204 (8th Cir. 1984).[2] In Faul, two defendants, who had been convicted of murdering two U.S. Marshals, alleged that it was error for the trial judge not recuse himself because he had contact with the deceased U.S. Marshals. See id. at 1211. In rejecting this claim, the Eighth Circuit wrote:

> In this case the affidavits allege that the judge could not be impartial because of the deceased marshals' contact with the court. **Assuming that the deceased marshals did have contact with the court by providing security**, it does not follow that the judge had a "professional or personal relationship" with either marshal sufficient to demonstrate personal prejudice[,] bias, or an inability to be impartial. **The affidavits** are not legally sufficient under [28 U.S.C.] section 144, and **they do not raise a reasonable question as to the judge's impartiality under section 455.**

United States v. Faul, 748 F.2d at 1211 (bold added). It appears from the above quoted language that the mere fact that marshals provide security to a court does not require that a judge of the court recuse himself from cases involving those marshals.

In addition to lacking support in the case law, Defendant's argument, if accepted, would require that all federal judges

---

[2] Following the hearing, defense counsel brought to the court's attention the matter of Richard Ahern, et al. v. Ronald Allen, et al., CA 98-41 L (D.R.I.), CA 98-96M (D.N.H.). According to defense counsel, Ahern was "a multi-plaintiff COLA case ... wherein the judges of the United States District Court in Rhode Island recused themselves by reason of one of the plaintiffs in this multi-defendant case being a court security officer in the district." Letter from West to Martin, M.J., of 9/13/05. While the court appreciates defense counsel bringing this case to its attention, the absence of a written opinion explaining the court's reasons for recusal makes it of limited value in deciding the instant motion. In addition, this Magistrate Judge has far more contact and a much closer relationship with his court security officer than with the four deputy U.S. Marshals who have been identified as potential witnesses in the violation hearing. If the court were being asked to make a credibility determination regarding his court security officer, the court's determination of the instant motion might be different.

recuse themselves from any criminal matter in which the credibility of a marshal in their district was in issue. Even if limited to judicial districts like Rhode Island which have relatively small contingents of marshals, the disruptive effect of a blanket recusal requirement would be significant.

At bottom, Defendant's motion is based on nothing more than the fact that the duties of these marshals include providing security to the judges of this District. The level of security provided to this Magistrate Judge by the marshals has never risen above that which is routinely provided by the USMS to all judicial officers. This Magistrate Judge has never had marshals guarding his home or accompanying him as personal bodyguards. Indeed, as far as this Magistrate Judge can recall, his contact with these four deputy U.S. Marshals has been limited to occasionally seeing them in his courtroom and in and around the Pastore Building. That contact has not been sufficient to enable him to put a face with a name as evidenced by the court's request to have the four marshals present for the September 12, 2005, hearing. <u>See</u> Letter from Martin, M.J., to Browne and West of 9/1/05.

Although the question might be answered differently if the relationship between the potential witnesses and this Magistrate Judge were closer or more extensive, I find that a reasonable person, fully informed of all the facts, would not doubt this Magistrate Judge's impartiality in this matter. <u>See</u> <u>In re United States</u>, 158 F.3d 26, 31 (1st Cir. 1998). Accordingly, Defendant's oral motion to recuse this Magistrate Judge is DENIED. The violation hearing will be conducted on September 21, 2005.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
September 14, 2005

PER ORDER:

Martha Saucier
Deputy Clerk