Ex. B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**vs.** **CR 96-00081L**

**RICHARD PAIVA, JR.**

**MOTION TO RECUSE**

Now comes the defendant, by and through counsel, and respectfully moves this Honorable Court to recuse himself from further proceedings in this matter, as well as all magistrate judges and district judges who presently sit in the District of Rhode Island. As grounds for this motion, the defendant relies on the accompanying memorandum.

By his attorney,

George J. West. Esq. #3052
One Financial Plaza Suite 1500
Providence, RI 02903
Tel. 401-861-9042
Fax. 401-861-0330

Certificate

I hereby certify that I mailed a copy of the foregoing to Stephanie Brown, Esq., Assistant United States Attorney, Office of the United States Attorney, 8th Floor, Fleet Center, Providence, RI 02903 this 6th day of September, 2005.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA

vs. CR 96-00081L

RICHARD PAIVA, JR.

## DEFENDANT'S MEMORANDUM OF LAW

This is defendant's memorandum of law in connection with defendant's motion seeking that the Court recuse itself in this matter. The current proceedings involve a petition charging the defendant with violating the conditions of his supervised release. Defendant is currently serving a five-year term of supervised release imposed by United States District Court Senior Judge Lagueux on April 14, 2004. That sentence was the result of a six-count violation of supervised release. Supervised release in this context resumed on September 1, 2004 following a six-month term of imprisonment.

The instant matter pursuant to the Amended Petition charges that the defendant has violated three standard conditions of supervision. The first charges that the defendant on August 12, 2005 in a recorded message, in the possession of the probation office, threatened to kill Jennifer Dore. The second charges that the defendant committed the offense of assault on a Federal Law

Enforcement Officer. It is this second charge which is at the center of the motion to recuse. Lastly, the petition charges the defendant with having contact with Jennifer Dore after the probation office instructed the defendant not to have further contact with her on July 22, 2005 and August 3, 2005. The alleged contact was reportedly on August 12, 2005.

Defendant was the subject of service of an arrest warrant for the Original Petition for violation of the conditions of supervised release, which confined itself to the allegations relative to contacts with Ms. Dore, by a group of U.S. Marshals from the Rhode Island Office of the United States Marshal. In the course of service of the arrest warrant the defendant is accused of committing an assault on a Federal Law Enforcement Officer. The Rhode Island contingent of the United States Marshal's office assigned what has been described by the First Assistant United States Attorney Madden as half the complement of the marshal's in the Office to execute the warrant. The assigned include Deputy United States Marshals Charette, McDonald, Wattick, and Mueske. See supporting affidavit setting forth that the said Marshals are assigned to the Providence Office and do represent one half of the current compliment of Marshal's working at the office.

The focus of the motion to recuse is the allegation that the defendant assaulted Deputy United States Marshal Charette in the course of his service of the arrest warrant upon the defendant. In support of the allegation the government has produced to the defense three accounts of the event produced by United States Marshals Charette, McDonald and Wattick. No report apparently being prepared by Deputy United States Marshal Mueske. It is manifestly clear this court will be called upon to make creditability determinations upon the testimony of the said marshals. The defense has already noted that it is seeking evidence of the physical condition of the defendant following his arrest by the marshal's starkly calling into questions the facts surrounding the arrest and the alleged assault.

The Court in its own sense of what will likely unfold alerted counsel for the government and counsel for the defense that it did not wish to be surprised with this issue in the course of the hearing and wished to address it if the defense decided to raise it. Raise it the defense must when as characterized by the government half the complement of Deputy United States Marshals assigned to the Rhode Island District will be called upon to give testimony in the instant action as either government or defense

witnesses. Given this court's constant daily interaction with the small force of individuals of the United States Marshal's Office in connection with carrying out this court's function the defense would be fully justified in calling for recusal of the Court, but more is the case here. The United States Marshal's office is responsible at a moment's notice for the personal security of the Judicial Officers and their family's of this District. This function is entirely significant and the individuals performing judicial functions rely to a significant degree on the Marshals in this regard. The country was riveted by the notorious attack on members of a Judge's family in Chicago not long ago, as well as other examples. The reality is that a judge here will be called upon to make credibility assessments upon individuals he may or quite possibly already has relied upon for his own personal security.

It is because of this most serious connection that the defendant has to ask that this Court not sit in judgment in such a case. The reasons appear obvious and are most human. Naturally there is potential for a public concern for bias should the court rely upon the testimony of one to whom at any given moment all will be entrusted or perhaps may have already been entrusted in one form or another in

terms of personal security. Examples of this could include a security detail, a threat investigated or some other equally compelling and disturbing matter for which the people involved will have to rely upon each other.

Title 28 U.S.C. § 455(a) provides grounds for recusal. Section 455(a) was substantially amended in 1974 to complement Canon 3(c) of the U.S.C.C.A.N. The amendment to §455(a) abolished the standard that permitted a challenged judge to decide if, in his or her own opinion, recusal was appropriate. Under the current reasonable person standard, a judge's personal opinion relating to his or her ability to impartially decide issues is irrelevant. See H.R. Rep. No. 1453, 93d Cong., 2d Sess.3 reprinted in 1974 U.S.C.C.A.N. 6351. The amendments to §455(a) focus on the importance of the mere appearance of impartiality. Although §455(a) provides for a judge's disqualification without the need for a motion, case analysis clearly indicates the propriety of a party bringing such a motion. Parliament Insurance Co. v. Hanson, 676 F.2d 1069,1075 (5th Cir. 1982); U.S. v. Holland, 655 F.2d 44 (5th Cir. 1981). See also Note, "Disqualification of Judges and Justices in the Federal Courts," 86 Harvard L. Rev. 736, 745 (1973). A district judge "shall disqualify himself/herself in any proceeding where impartiality might reasonably be

questioned." 28 U.S.C. § *455(a)*, Interex, Inc., v. C.I.R., 321 F.3d 55 (1st Cir. 2003). The test to determine whether recusal is warranted is well-established, it is whether a charge of lack of impartiality is grounded in facts that would create a reasonable doubt in the mind of a reasonable person. United States v. Cowden, 545 F.2d 257, 265 (1st Cir. 1976) *cert. denied* 430 U.S. 909 (1977). The party who suggests that recusal is appropriate must support the motion with facts that "provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." In re: Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001) (quoting In re United States, 666 F.2d 690, 694 (1st Cir. 1981)). Cases involving a so-called "hypothesis of partiality" do not require recusal. See Blizard v. Frechette, 601 F.2d 1217 (1st Cir. 1979) (involving a recusal motion based upon nothing more than a Judge's criticism of a party and her case in an opinion). However. doubts about a judge's impartiality ordinarily ought to be resolved in favor of recusal. See In re United States, 158 F.3d 26 (1st Cir. 1998), citing Nichols v. Alley, 71 F.3d 347, 352 (10th Cir. 1995); United States v. Dandy, 998 F.2d 1344, 1349 (6th Cir. 1993).

In Nichols v. Alley, a criminal defendant charged in connection with the infamous Oklahoma City bombing case sought the recusal under § 455(a) of all Judges sitting in the Western District of Oklahoma. The district judge denied the request, but the Tenth Circuit issued a writ of mandamus and ordered recusal, noting the relative ease of replacing Oklahoma judges from the large pool of federal judges outside the state of Oklahoma. The Nichols court quoted the decision in United States v. Jordan, 49 F.3d 152, (5th Cir. 1995):

> "[p]ublic respect for the judiciary demands this result." 49 F.3d at 157. The effect of our decision today may, indeed, be to "bar trial by [a] judge[] who ha[s] no actual bias and who would do [his] very best to weigh the scales of justice equally between contending parties. But to perform its high function in the best way justice must satisfy the appearance of justice."

This court is well aware that Rhode Island is among the smallest districts within the United States. Just three district judges are assigned to the United States Court House in Providence, together with an additional judge on senior status. The District of Rhode Island also has two full-time Magistrate Judges and two part-time Magistrate Judges, and further houses the chambers of a Judge of the United States Court of Appeals.

The United States Marshals Service has several primary

duties, but perhaps chief among them is providing for the security of members of the federal judiciary. "Ensuring the safe conduct of judicial proceedings and protesting federal judges, jurors, and other members of the federal judiciary are principal functions of the United States Marshals Service." See United States Marshals website, www.usmarshals.gov/duties/courts. According to the Marshals Service, recent years have seen a "dramatic increase" in the number of threats against members of the federal judiciary. Id.

This case involves four Deputy United States Marshals who are assigned to guard and protect the very judges who must determine facts and witness credibility on the question of whether an assault occurred as alleged in the petition. It is difficult to imagine a more uncomfortable scenario for a United States Magistrate Judge than to be placed in a position of attempting to assess the veracity and conduct of men and women assigned to provide that very judge with personal protection.

As noted threats to the judiciary are real and have most notably been in the public eye with the murders of a state trial judge in Atlanta and the mother and the husband of a federal judge in Illinois. While it is clear that no trial judge should casually recuse himself from any

proceeding, it is impossible to ignore these unfortunate events, and the increased concern about judicial security that accompanies them. Under circumstances such as these where the credibility of Marshal's from a very small district will be at issue on a charge, which is the only one raising a Class A violation, the defendant submits that this matter should be heard by a judge from another district. While all United States Marshals are charged with protecting federal judges, concerns over the appearance of impropriety are lessened if the matter is heard by a judge regularly assigned outside the state of Rhode Island.

The case before the court is different from the murder trial in connection with the death of U.S. Marshals which was the subject of U.S. v. Faul, 748 F2d. 1204 (1985). There the issue was the allegation by the accused of actual bias against the accused rather than the §455(a) intrinsic concerns expressed in the instant action. In Faul for want of a legally sufficient affidavit sustaining the charges of bias the court upheld the declination of the District Court Judge to recuse himself. §455(a) does not require the defendant to file an affidavit detailing bias rather it looks as noted to the mere appearance of the same. While the Court in Faul declined to hold that where even assuming

the deceased Marshals did have contact with the Court by providing security, it did not follow that the Judge had a "professional or personal relationship" with either marshal sufficient to demonstrate the judge had a "professional or personal relationship" with either marshal sufficient to demonstrate personal prejudice, bias or an inability to be impartial. Id. At 1210. Here the situation involves testimony likely to span one half of the entire contingent of deputy U.S. Marshals assigned to the Rhode Island Office. For example in the last hearing on the instant matter, it is clear the case rose to sufficient concern to cause the attendance at the hearing by the U.S. Marshal for the District of Rhode Island Burton Stallwood. Certainly a heightened degree of interaction between the U.S. Marshal's office and the court has been required even at this early stage of the proceedings.

While Faul focuses on exercise of discretion it appears readily apparent that few would have questioned an exercise of discretion with the opposite result in Faul here in the District of Rhode Island where the contingent of Marshals is small and the personalities to a greater or lesser degree are known. It is difficult to imagine a case like Faul, were it to happen here, remaining before the local Judiciary. Rather the case likely would have gone to

New Hampshire for any number of reasons. As an anecdotal matter in the Rhode Island case of United States v. Juan Jusino 04-119 the defendant moved for recusal for reasons not unlike those before the court in the instant matter and were it not for the fact that an alternative intervening disposition was arrived at the same may well have been granted. Certainly this anecdote is not a precedent, but it is illustrative of the concern such issues present.

It is no easy prospect for the defense, witnesses or the prosecution to attend to this matter in New Hampshire and the same is not sought lightly, but rather the defendant's right to a fair and impartial tribunal is a fundamental right which must always be safeguarded. Given the nature of the ties of the judiciary to the small contingent of Marshal's office here in R.I., defendant's concerns for his rights cannot be gainsaid. It is clear that erring on the side of caution and avoiding the mere potential for the appearance of partiality outweigh the burden on all concerned from a transfer to the sister jurisdiction.

By his attorney,

George J. West. Esq. #3052
One Financial Plaza Suite 1500
Providence, RI 02903
Tel. 401-861-9042
Fax. 401-861-0330

Certificate

I hereby certify that I mailed a copy of the foregoing to Stephanie Brown, Esq., Assistant United States Attorney, Office of the United States Attorney, 8th Floor, Fleet Center, Providence, RI 02903 this 6th day of September, 2005.

[signature]

**AFFIDAVIT OF HOPE M. LAGNER**

Your affiant, being duly sworn and upon her oath and under penalty of perjury, hereby deposes and states as follows:

1. My name is Hope M. Lagner. I am 58 years old and currently employed as a legal secretary for George J. West, Esq.

2. On September 6, 2005, I contacted the United States Marshal Service located at Two Exchange Terrace in Providence, RI in connection with a motion to be filed regarding our client, Richard Paiva, Jr.

3. The United States Marshal's Office informed me that Deputy Marshals, Charette, McDonald, Wattick & Mueske are all assigned to the Providence office of the United States Marshal Service.

4. The United States Marshal's Office informed me on September 6, 2005 that there are a total 8 Marshals assigned in Rhode Island.

FURTHER YOUR AFFIANT SAYETH NOT.

Hope M. Lagner

Hope M. Lagner

Subscribed and sworn to on this 6th day of September, 2005.

George J West

Notary Public

My commission expires: 7/2/09

GEORGE J. WEST
ATTORNEY AT LAW

ONE FINANCIAL PLAZA
SUITE 1500
PROVIDENCE, RHODE ISLAND 02903-2458
(401) 861-9042
FAX: (401) 861-0330
INTERNET: GEORGEW180@AOL.COM

HAND DELIVERED

September 13, 2005

The Honorable David L. Martin
United States Magistrate Judge
United States District Court
District of Rhode Island
One Exchange Terrace
Providence, RI 02903

Re: United States of America
v. Richard Paiva, Jr.
No. 96-00081L
Supplement to Oral Argument
on Defendant's Motion for Recusal
of Magistrate Judge

Dear Magistrate Judge Martin:

I am writing to supplement my oral argument today on the Defendant's Oral Motion for Recusal of the Magistrate Judge. During the course of oral argument, the court posed the question of whether counsel was aware of any case law in which the District Court has recused itself due to the marshals testifying in a case such as the matter before the Court. At that point in time, the defense was not aware of such a case.

However, subsequently, Counsel became aware of the Rhode Island matter of Richard Ahern et al v. Ronald Allen et al, a multi-plaintiff COLA case- 98-41 L (USDCRI) 98-96M (USDCNH) wherein the judges of the United States District Court in Rhode Island recused themselves by reason of one of the plaintiffs in this multi-defendant case being a court security officer in the district. That case was later appealed to the First Circuit Court of Appeals bearing No. 99-2300. However, recusal was not an appellate issue.

Notably, in a case where the issue affected a broad swath of plaintiffs, on an employment retirement benefits case, namely, a cost of living adjustment, not peculiar to the court security officer, the court nonetheless declined to hear the matter. The case involved former police officers from the Providence Police Department with regard to certain benefits and cost of living adjustments.

I submit this case as a follow up to the court's query. I am sending a copy of this letter to the government as well.

Very truly yours,

George J. West

GJW/hml

CC: Stephanie Browne, A.U.S.A.
U.S. Attorney's Office