IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. No. 96-081L |
| | ) | |
| RICHARD PAIVA, JR. | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephanie S. Browne, Assistant United States Attorney, and hereby responds to the defendant's Motion to Dismiss.

Defendant, Richard Paiva, Jr., has filed this motion in order to have the Court dismiss the violation based upon his assault on Deputy Charette or to have it downgraded to less than a Grade A violation. He contends that all that was proven was a "simple assault" because the government put on no evidence of bodily injury. He is wrong.

## FACTS

On August 12, 2005 Ms. Jennifer Dore, the mother of defendant's children, contacted Officer Borelli. She told Officer Borelli that defendant had made threatening phone calls to her. At the suggestion of Officer Borelli, Ms. Dore purchased a digital recorder and later that day, recorded 8 more telephone calls made to her by defendant. Ms. Dore turned over the recorder to Officer Borelli. Officer Borelli reviewed those calls and determined that in them defendant made threats to kill Ms. Dore.

On August 12, 2005, Officer Borelli notified the Court about the alleged violations and

requested that a warrant be issued for defendant's arrest. The Court issued the warrant the same day. Defendant called Officer Borelli on August 12th and said he was aware of the warrant and would turn himself in after he took care of a few matters. Defendant reiterated this intent in several more calls to Officer Borelli. Officer Borelli encouraged defendant to turn himself in as early as possible. Later that evening, defendant called Officer Borelli again. Officer Borelli discussed the nature of the violations with defendant and directed him to turn himself in. Defendant refused to do so and stated he was not going back to jail. Defendant made further threats against Ms. Dore.

Officer Borelli made several more attempts to call defendant in order to urge him to surrender. Officer Borelli did not have contact with defendant until August 15, 2005, when defendant called him. Although he discussed the possibility of turning himself in, defendant ultimately rejected that course.

On August 16, 2005 Deputy U.S. Marshals saw defendant run into a residence in Narragansett. Deputy Marshals McDonald, Wattik and Charette conducted a search of the first floor of the residence. When defendant was not found, the search was extended to the basement. Deputy Charette found defendant and ordered him to show his hands. Instead of complying, defendant shoved Deputy Charette into the wall and struggled with him. Ignoring commands from the deputies to stop struggling, defendant continued to resist. He was finally subdued by several deputies, placed in handcuffs, placed under arrest, and taken to the courthouse for presentation on the violation.

Based upon those events, defendant was charged with an additional violation based on a violation of law, *i.e.,* the assault upon Deputy Charette in violation of 18 U.S.C. § 111.

At the hearing on the violations held on November 22 and 23, 2005, the evidence established that defendant put his arms around the mid-section of Deputy Charette and held him against the floor and the wall. This motion followed.

ARGUMENT

Defendant contends that 18 U.S.C. § 111 requires that in order for other than a "simple assault" to be proven, there must be evidence of bodily injury adduced. He is wrong.

18 U.S.C. § 111 provides:

> (a) In general. – Whoever –
>
> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of officials duties;
>
> * * *
>
> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than 8 years, or both.
>
> (b) Enhanced penalty. – Whoever, in the commission of any acts described in subsection (a) uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts ***bodily injury***, shall be fined under this title or imprisoned not more than 20 years, or both.

(Emphasis added). A fair reading of the statutory language reveals immediately the falsity of defendant's argument. The statute very clearly provides three separate penalties based on four possible acts: in § 111(a) the first two situations are outlined - (1) if there is a "simple assault" a one year maximum applies; (2) for "all other cases" there is an 8 year penalty; in § 111(b) the second two situations are listed - (3) when a dangerous or deadly weapon is used a 20 year penalty applies; and (4) if there is bodily injury inflicted the 20 year period applies as well. If defendant were correct, that is, if "simple assaults" included touching and that "all other cases" required proof of bodily injury, then there would be no need for the language of subsection (b) as it relates to bodily injury. Further, no one would be subjected to the 8 year maximum penalty as

assaults would either be "simple" or would involved bodily injury or use of a dangerous weapon. Defendant's scheme allows for only those assaults which carry a maximum penalty of 1 year and those which carry a maximum penalty of 20 years. Clearly this is not what Congress intended. "[C]ourts should disfavor interpretations that render language superfluous." Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253 (1992).

Of the five cases cited by the defendant, only one refers to 18 U.S.C. § 111, the remainder refer to 18 U.S.C. § 113. Further, the only case which has anything to do with § 111 does not discuss the meaning of the term "simple assault" as it is used in that statute, but, rather looks to whether certain facts require an instruction for a lesser included offense under a separate statute.

Defendant rests his entire argument upon the analysis the First Circuit used in United States v. Bayes, 210 F.3d 64 (1st Cir. 2000) in defining the term "simple assault" as it is used in § 113(a)(5). A reading of that statute makes clear that the scheme set forth by Congress in that statute differs from what it set forth in § 111. Section 113 applies to a range of assaults which occur in places which are subject to federal territorial and maritime jurisdiction. It sets forth penalties for assaults which are committed with specific intents, *e.g.*, the intent to murder; assaults committed with dangerous weapons; assaults which are committed by certain means, *i.e.*, striking, beating, or wounding; those resulting in substantial bodily injury to those under the age of 16; and lastly the remaining category of "simple assaults." In that statute the "catchall" category was called "simple assault."

In Bayes the First Circuit did not discuss the meaning of "simple assault" as it is used in § 111. The First Circuit in Bayes pointed out that the term "[a]ssault had two meanings at common law, 'the first being an attempt to commit a battery and the second [being] an act

putting another in reasonable apprehension of bodily harm.' . . . [T]he common law provided that an assault committed by way of a battery did not require an intent to cause or to threaten an injury as long as the defendant touched another in a deliberately offensive manner without a valid reason to do so." Id. at 68-69. The First Circuit was concerned solely with the evidence necessary to prove a violation of § 113(a)(5) and viewed the term "simple assault" in the context in which it was used in that statute. And its discussion of the meaning of "simple assault" must be viewed in that context. It held that proof of a deliberate touching in an offensive manner would support a conviction under § 113(a)(5). The Third Circuit made note of just that in McCulligan when it cited to Bayse in a footnote. That the government in Bayse proved more than it was required, that is, proved a battery, does not then mean that the First Circuit equated the term "simple assault" as it is used in § 113(a)(5) with the way it is used in § 111.

In much, if not most of his argument, defendant refers to assault and battery as being equivalent terms in the common law, they are not. Every court which has examined § 111 has recognized the distinction and held that the term "simple assault" as used in that statute does not include a touching.

Defendant has misapprehended the holding in United States v. Estrada-Fernandez, 150 F.3d 491 (5th Cir. 1998) and its relevance to the instant case. As with most of his purported supporting case law, Estrada-Fernandez refers to a violation of § 113. In that case, the defendant had been charged with a violation of § 113(a)(4), that is a striking or beating with a broken mop handle. The Fifth Circuit held that to convict on that charge, the government would have to prove the defendant made physical contact with the victim. Id. at 494. Likewise, to prove an assault with a dangerous or deadly weapon under § 113(a)(3) the use of such a weapon

would have to be proved although an actual touching would not be required. Thus the Court held that an assault by striking or beating would not be a lesser included of assault with a dangerous weapon. Here, the Fifth Circuit held that a violation of § 113(a)(5) would be a lesser included offense of assault with a dangerous weapon under § 113(a)(3). This case does not support the argument that the term "simple assault" as it is used in § 111(a) includes those acts resulting in a touching. In fact, the Fifth Circuit has held in United States v. Ramirez, 233 F.3d 318, 321-22 (5th Cir. 2000)[1] that "simple assault" in § 111(a) does not include a touching, precisely what the government contends.

Likewise, defendant's reliance on the holding in United States v. Whitefeather, 275 F.3d 741 (8th Cir.2002) is misplaced. As in Bayse, the Court in Whitefeather was considering the meaning of the term "simple assault" in the context of § 113(a)(5). And, as with the Fifth Circuit, the Eighth Circuit has clearly found that the term as it is used in § 111(a) does not include a touching. United States v. Yates, 304 F.3d 818, 821 (8th Cir. 2002). In Yates, the Eighth Circuit stated "[w]e hold that, in the context of § 111, the definition of simple assault is conduct in violation of § 111(a), which does not involve actual physical contact . . . ." Id. at 822.

Defendant's reference to United States v. Moore, 332 F.Supp 919 (D.Va. 1971) is not helpful. That case involved the issue of whether defense of another applied. It also predates the current language of the statute and so can not be read as having much, if any, meaning with regard to the definition of "simple assault" vis a vis "all other cases."

Courts of Appeal in the D.C. Circuit, Second Circuit, Third Circuit, Fourth Circuit, Fifth

---

[1]Reversed on other grounds not affecting the holding concerning the meaning of "simple assault" in § 111(a).

Circuit, Eighth Circuit, and Tenth Circuit have all examined this issue since the statute was modified to its present form. All have concluded that Congress set forth three separate offenses based upon the nature of the assault.

"§ 111 creates three distinct categories of conduct: (1) simple assault, which, in accord with the common-law definition, does not involve touching; (2) 'all other cases,' meaning assault that does involve contact but does not result in bodily injury or involve a weapon; and (3) assaults resulting in bodily injury or involving a weapon." United States v. Chestaro, 197 F.3d 600, 606 (2nd Cir., 1999); see also United States v. Arrington, 309 F.3d 40, 44-47 (D.C. Cir. 2002); United States v. McCulligan, 256 F.3d 97, 102 (3rd Cir. 2001); United States v. Campbell, 259 F.3d 293, 296 (4th Cir. 20010)("[B]y its own term § 111 provides maximum penalties of (i) one year imprisonment for simple assault, or an assault not involving physical contact . . ."); United States v. Ramirez, 233 F.3d 318, 321-22 (5th Cir. 2000)("'[A]ll other cases' refers to those assaults contemplated by the statute which do involve physical contact but do not involve a deadly weapon or bodily injury."); United States v. Yates, 304 F.3d 818, 821 (8th Cir. 2002); United States v. Hathaway, 318 F.3d 1001, 1007-08 (10th Cir. 2003)("'[A]ll other cases' assault under § 111(a) includes any assault that involves actual physical contact . . .").

This Court should start from the premise that "where Congress fails to specifically define a term, that term should be interpreted according to its common law definition." McCulligan, 256 F.3d at 102 (citing Moskal v. United States, 498 U.S. 103, 114 (1990); United States v. Turl, 352 U.S. 407, 411 (1957)); Yates, 304 F.3d at 821-22. "Congress added the distinction of 'simple assault' and 'all other cases' assault to § 111 in 1994. Prior to this addition, Congress used the phrase 'simple assault' in only one other criminal statute, 18 U.S.C. § 113. . . . After

observing that neither § 111 nor § 113 define 'assault,' we have noted that 'where a federal criminal statute uses a common-law term of established meaning without otherwise defining it, the general practice is to give the term its common-law meaning." Hathaway, 318 F.3d at 1008.

The language of the statute makes abundantly clear that the term "simple assault" is used in its common law sense, that is, an attempted battery or a threat to cause immediate harm. If "simple assault" as it is used in § 111 included a touching, there would be no need for the "all other cases" category as assaults resulting in bodily injury are separately covered in § 111(b).

There is simply no reason to assume that the First Circuit would view the term "simple assault" as it is used in § 111(a) any differently than any of the other circuits which have examined the issue. There is also no reason to believe that the First Circuit would not make the same distinction between the use of that term in § 111 and the use of it in § 113 as was done by the Fifth and Eighth Circuits.

## CONCLUSION

For all of the foregoing reasons, the Motion to Dismiss should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

STEPHANIE S. BROWNE
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 1st day of December, 2005, I sent via facsimile and mailed a true copy of the Government's Response to Defendant's Motion to Dismiss ordinary mail and postage prepaid, to:

George J. West
One Financial Plaza
Suite 1500
Providence, RI 02903

Paula Harvey