IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. No. 96-081L |
| | ) | |
| RICHARD PAIVA, JR. | ) | |

GOVERNMENT'S RESPONSE TO
MAGISTRATE'S REPORT AND RECOMMENDATION

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephanie S. Browne, Assistant United States Attorney, and hereby responds to the Magistrate's Report and Recommendation.

The Magistrate found that although defendant violated standard condition of supervised release of not violating another federal, state, or local law by threatening to kill Ms. Dore in several telephone calls, it was not a violation of 18 U.S.C. § 1512 as had been argued by the government. The undersigned was aware at the time of the argument that the state court proceeding in Fall River would not qualify as an "official proceeding" as that term is used in the statute. The government had intended to argue and believes it did argue, although perhaps not as clearly as it should, that the proceeding in which Ms. Dore would be a witness was the supervised release violation hearing in this Court. That was the reason why the government had specifically referred to 18 U.S.C. § 1512(f)(1) which provides that the proceeding need not be pending or about to be instituted at the time of the threat. That was also the thrust of the government's argument that defendant repeatedly told Ms. Dore to "call Borelli" as is noted by the Magistrate

on page 10 of the Report and Recommendation.[1] Thus threatening a witness who would testify at this defendant's supervised release hearing would constitute a violation of 18 U.S.C. § 1512.

The government contended before the Magistrate and continues in its view, that defendant's conduct warrants a sentence of 30 months. This is defendant's second violation of the terms of his supervised release. As noted by the Magistrate, the first violation was based, at least in part, on his threats to Ms. Dore and his assault of her. For that violation he received a sentence of 6 months imprisonment. Defendant clearly did not learn his lesson.

This time he again threatened Ms. Dore, and despite the couple's use of foul and abusive language in arguments with each other, the content of the recordings is chilling. It is noteworthy that at no time during any of the 8 recorded telephone calls did Ms. Dore engage in any sort of argument or use any inappropriate language when speaking to defendant. Yet his speech was rife with vulgarity and explicit threats to kill not only her but their children. It is also noteworthy that defendant remarked in at least 2 of those telephone calls, that he did not fear a short jail sentence, he had served before and that was not a disincentive to him.[2]

Perhaps most importantly, defendant threatened in both his conversations with Mr. Borelli and in his calls to Ms. Dore, that the Marshals would have to go and get him. He made good that threat. Not only did he not surrender, but when the Marshals arrived to arrest him, defendant chose to assault one of the Deputies. This willingness to physically assault a law enforcement officer shows an escalation in the level of violence defendant will resort to in order to get what he

[1]Noted by the Magistrate to have been said in Recording #2.

[2]Recording #3: "Go ahead and record. I'll go to jail for fucking twelve months or whatever. You, you will not fucking live, ok? . . ." Recording #7: "You are fucking done. I'm going to fucking jail. Don't worry. I will go to fucking jail. . . ."

wants. Anyone who assaults an armed officer demonstrates not only a lack of respect for the Court and the judicial system, but also a disregard for the rules which hold our society together. Attacks on Deputy Marshals, as well as any other law enforcement officers, must be dealt with in a firm manner lest it become known that such attacks will not bring severe consequences. Without severe punishment being the cost of such attacks, those officers soon will become targets every time they venture out to execute a warrant. Lastly, defendant did receive a downward departure at the time of his original sentencing. He has thus received two advantageous sentencings, once at the time of his original sentencing, and secondly at the time of his first violation. Enough is enough.

## CONCLUSION

For all of the foregoing reasons, defendant should receive a sentence of 30 months confinement to be followed by a term of supervised release for 60 months.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

STEPHANIE S. BROWNE
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 19th day of December, 2005, I sent via facsimile and mailed a true copy of the Government's Response to Magistrates Report and Recommendation ordinary mail and postage prepaid, to:

George J. West
One Financial Plaza
Suite 1500
Providence, RI 02903